

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Wayne Lefevre
County Auditor
Clay County
Henrietta, Texas

Dear Sir:

O-1358

Opinion No. O-1358
Re: Would a tax assessor-collector
of Clay County who served dur-
ing the years of 1935-1938, in-
clusive, and who also served
as a tax assessor in the years
of 1933-1934 be entitled to
apply any delinquent fees earn-
ed in 1933 and 1934 if collect-
ed now?

Your request for an opinion on the above stated
question has been received by this Department.

You inform us that on the 14th day of April, 1919,
Commissioners' Precinct No. 1 of Clay County held an election
for the purpose of determining whether a special road tax
of fifteen cents on the one hundred dollar valuation of taxa-
ble property in said precinct should be levied, assessed and
collected annually and that the election resulted in favor
of the road tax in Commissioners' Precinct No. 1, and similar
elections were held in Precinct No. 2 on April 14, 1915, and
in Precinct No. 3 on April 14, 1919, and in Precinct No. 4
on June 8, 1914, and that all of said elections resulted in
favor of the tax.

All of these elections being held for the purpose
to determine whether or not a majority of the legal qualified
property taxpaying voters of each precinct desired to have
levied, assessed and collected a road tax of fifteen cents
on the one hundred dollar valuation of taxable property in
each of said commissioners' precincts.

Article 3937, Vernon's Civil Statutes, reads in
part as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Wayne Lefevre, Page 2

"Each Assessor of taxes shall receive the following compensation for his services which shall be estimated on the total value of the property assessed as follows: For assessing the State and County Taxes on all sums for the first Two Million Dollars ($2,000,000.00) or less, five (5) cents for each One Hundred Dollars ($100.00) of property assessed. On all sums in excess of Two Million Dollars ($2,000,000,00) and less, than Five Million Dollars ($5,000,000.00), two and one-half (2½) cents on each One Hundred Dollars ($100.00), and on all sums in excess of Five Million Dollars ($5,000,000.00), two and one-fourth (2¼) cents on each One Hundred Dollars ($100.00), provided, that in counties in which the population does not exceed twelve thousand, five hundred (12,500) inhabitants, the Assessor shall receive on all sums for the first Four Million Dollars ($4,000,000.00), the sum of five (5) cents for each One Hundred Dollars ($100.00), and on all sums above such amount the fee shall be as above stated, one-half of the above compensation shall be paid by the State and one-half by the county; for assessing the taxes on all drainage districts, road districts, or other political subdivisions of the county, the Assessor shall be paid three-fifths of one cent for each One Hundred Dollars ($100.00) of the assessed value of such districts or subdivisions."

You further inform us that the Tax Assessor is claiming the three-fifths of one cent for each One Hundred Dollars of the assessed value of the various commissioners' precincts by virtue of the above mentioned elections, claiming that the above mentioned commissioners' precincts are road districts as mentioned in Article 3937, supra.

It is to be understood that we are not here passing upon the validity of the above mentioned elections.

Section 9 of Article 8 of the Texas Constitution, reads as follows:

"The State tax on property, exclusive of the tax necessary to pay the public debt, and of the taxes provided for the benefit of the

public free schools, shall never exceed thirty-five cents on the one hundred dollar valuation; and no county, city or town shall levy more than twenty-five cents for city or county purposes, and not exceeding fifteen cents for roads and bridges, and not exceeding fifteen cents to pay jurors, on the one hundred dollar valuation, except for the payment of debts incurred prior to the adoption of the amendment September 27, 1883; and for the erection of public buildings, street, sewers, water works and other permanent improvements, not to exceed twenty-five cents on the one hundred dollars valuation, in any one year, and except as is in this constitution otherwise provided; and the Legislature may also authorize an additional annual ad valorem tax to be levied and collected for the further maintenance of the public roads; provided, that the majority of the qualified property taxpaying voters of the county voting at an election to be held for that purpose shall vote such tax, not to exceed fifteen cents on the one hundred dollars valuation of the property subject to taxation in such county. And the Legislature may pass local laws for the maintenance of public roads and highways, without the local notice required for a special or local laws."

Referring to the above quoted section of the Constitution the court in the case of Commissioners' Court of Navarro County et al v. Tinkston et al, 295 S. W. 271 (writ of error refused) used the following language:

"The Legislature is only empowered to authorize an additional ad valorem tax to be levied for the purpose of maintaining public roads by a majority vote of the qualified property taxpaying voters of the county for the purpose of maintaining the roads of the county, and not of any subdivision thereof. The measure authorized was one for the benefit of the entire county, and to be voted on by the property taxpaying voters of the entire county, at an election to be held for that purpose. The language clearly excludes the levying of the tax therein provided for by any other vote than of the entire county and not for local but for county-wide purposes, and prohibits such tax

so authorized from exceeding fifteen cents on the one hundred dollar valuation of the property subject to taxation in the county. * * *"

Statutes prescribing fees for public officers are strictly construed; and hence a right to fees may not rest in implication. See Texas Jurisprudence, Vol. 34, p. 508; McCalla v. City of Rockdale, 246 S. W. 654; Binford v. Robinson, 244 S. W. 807.

Commissioners precincts do not constitute road districts or other political subdivisions of a county as contemplated by Article 3937, supra, where three-fifths of one cent for each one hundred dollar valuation of the assessed value of taxable property is allowed as fees for assessing the same.

You are respectfully advised that it is the opinion of this Department that the tax assessor was not entitled to three-fifths of one cent for each one hundred dollar valuation of the assessed value of taxable property in the commissioners' precincts. This being true, there are no delinquent fees which the tax assessor was entitled to as such fees were not provided in the first instance.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     Ardell Williams
          Assistant

AW:LM

APPROVED NOV 17, 1939

ATTORNEY GENERAL OF TEXAS

